COPY ATTEST
This ___ day of _____ 20 __
CLERK BELL CIRCUIT COURT
By _____ D.C.

COMMONWEALTH OF KENTUCKY
44TH JUDICIAL CIRCUIT
BELL CIRCUIT COURT
CIVIL ACTION NO. 22-CI-_____



FILED
COLBY SLUSHER
SEP 0 2 2022
BELL CIRCUIT COURT CLERK
BY: _____ D.C.

HEATHER WILDER,                                                  PLAINTIFF,


VS.                              COMPLAINT


WALGREEN PHARMACY SERVICES MIDWEST, LLC,          DEFENDANT.


Comes the Plaintiff, Heather Wilder ("Heather"), by counsel, and for her Complaint against the Defendant, Walgreen Pharmacy Services Midwest, LLC (Walgreen), states as follows:

### JURISDICTION & VENUE

1.      Heather is a citizen and resident of Kentucky whose address is 50 Cubbage Left Rd., Miracle, KY 40856.

2.      Walgreen is, upon information and belief, an Illinois limited liability company with a principal office at 200 Wilmot Rd., Deerfield, IL 60015.  The citizenship of Walgreen's members is unknown to Heather.  Walgreen is subject to the personal jurisdiction of this Court due to its registration to do business in Kentucky with the Kentucky Secretary of State, actually conducting business in Kentucky, maintaining a registered agent in Kentucky, and otherwise having sufficient minimum contacts with Kentucky to make this Court's exercise of personal jurisdiction consistent with due process under the Constitutions of Kentucky and the United States.

**Exhibit 1**

1

3.    This Court has subject matter jurisdiction because Heather alleges damages in excess of the subject matter jurisdiction amount in controversy threshold set by KRS 23A.010(1) and KRS 24A.120(1).

4.    This Court is a proper venue because the facts forming the basis of this *Complaint* occurred in Bell County, and because the defendant has a place of business in Bell County.

## FACTS

5.    Heather restates, and adopts by reference herein, all of the statements made in her *Complaint* hereinabove as if set forth verbatim in this section.

6.    Heather was employed by Walgreen as a Senior Certified Pharmacy Technician and Immunizer at its Pineville, Kentucky store (the "Store") from August of 2013 until October 13, 2021. Heather worked, on average, 40 hours per week and was paid at the rate of $18.62 per hour at the time she was discharged. Heather was a model employee during her tenure with Walgreen.

7.    During her employment, Heather became disabled as a result of seizures, some of which she suffered while on the job at Walgreen's Store, resulting in her taking unpaid leave from her job with Walgreen's from April 1, 2021 until September 16, 2021. The unpaid leave was with Walgreen's knowledge and approval.

8.    Heather returned to her job with Walgreen's on September 16, 2021, and worked at the Store until October 13, 2021, when she learned that Walgreen had actually discharged her on July 13, 2021 (though she kept working at Walgreen's Store after this), during the period she was disabled due to suffering from seizures, which Walgreen knew and was well aware.

9.      Upon information and belief, Heather was discharged by Walgreen and/or discriminated against by Walgreen because of a disability or the perception of her as a disabled person.

10.     Heather was qualified for and capable of performing the position in which she was employed by Walgreen, her disability notwithstanding, and had returned to work without restriction within the timeframe Walgreen said she could return.

11.     Upon information and belief, Heather's position at Walgreen remains open or has been filled by a nondisabled person and/or a person whom Walgreen does not regard as having a disability.

12.     Heather has, subsequent to her discharge by Walgreen, obtained employment as a substitute teacher and now literacy tutor with Pineville Independent School System.  She earned $3,000.00 substituted teaching between February and May of 2022 and now earns $685.00 net every two weeks in her position as a literary tutor and has since late July 27, 2022.

## COUNT I: VIOLATION OF KENTUCKY CIVIL RIGHTS ACT

13.     Heather restates, and adopts by reference herein, all of the statements made in her *Complaint* hereinabove as if set forth verbatim in this section.

14.     Walgreen is an employer under KRS 344.030(2).

15.     Heather was an employee of Walgreen under KRS 344.030(5) when she was discharged.

16.     At the time of her discharge by and from Walgreen, Heather was a qualified individual with a disability under KRS 344.030(1) and KRS 344.010(4).

17.     The conduct of Walgreen, its agents and employees, including but not limited to that outlined in numerical paragraphs 8 through 11 above, is discriminatory and violates the

3

Kentucky Civil Rights Act ("KCRA") in that Heather was discharged, discriminated against, and disparately treated by Walgreen, its agents and employees, because of her status as a qualified individual with a disability.

18.    Heather is afforded a civil remedy against Walgreen under KRS 344.450 for her discharge as result of discrimination and disparate treatment.

19.    Heather is entitled to back pay of lost wages as damages resulting from Walgreen's unlawful, discriminatory conduct from the time of her discharge until she obtained new full time employment as a literacy tutor with Pineville Independent School.

20.    Heather has suffered anxiety, humiliation, and emotional distress as a result of Walgreen's unlawful, discriminatory conduct, and is entitled to damages therefor.

21.    Heather is entitled to recover attorney fees under KRS 344.450 and to recover her costs incurred as part of any judgment in her favor under CR 54.04.

22.    Heather is entitled to prejudgment and post-judgment interest on any judgment in her favor at the maximum rate allowed by law.

23.    The damages suffered as stated in numerical paragraphs 18 through 20, alone or in aggregate, exceed the subject matter jurisdiction amount in controversy threshold for this Court set by KRS 23A.010(1) and KRS 24A.120(1).

**WHEREFORE,** Heather prays the Court for:

1.    Judgment in her favor and against Walgreen;

2.    Back pay damages as set forth in her *Complaint* hereinabove;

3.    Damages for anxiety, humiliation, and emotional distress as a result of Walgreen's unlawful, discriminatory conduct;

4.    Attorney's fees incurred in prosecuting her *Complaint*;

5.     Prejudgment and post-judgment interest at the maximum rate allowed by law on any judgment in her favor;

6.     Her costs incurred in bringing this action;

7.     Retention of jurisdiction over Walgreen until any and all orders and judgments of the Court are complied with or satisfied;

8.     Trial by jury; and

9.     Any and all other legal and/or equitable relief to which she may be entitled.

C. BISHOP JOHNSON
C. BISHOP JOHNSON, PLLC
PO Box 128
Pineville, KY 40977
Phone: (606) 337-6500
Fax: (606) 337-6100
Email: cbishopjohnson@bellsouth.net

5

<u>VERIFCIATION</u>

I, Heather Wilder, have read the foregoing Complaint and verily believe the contents to

be true, to the best of my knowledge, information, and belief.

_____
HEATHER WILDER

COMMONWEALTH OF KENTUCKY
COUNTY OF BELL

The foregoing Complaint was subscribed, sworn, and acknowledged before me by Heather

Wilder, this 31ˢᵗ day of August, 2022.

_____
NOTARY PUBLIC
Notary ID: _____ 42178 _____
My Commission Expires: __12/27/2025__